# Law Offices of Michael Grinblat
## 10 East 39th Street, 12th Floor
## New York, NY 10016

Telephone: (347) 796-0712
michael.grinblatesq@gmail.com

June 26, 2023

Hon. Hector Gonzalez
225 Cadman Plaza East
Brooklyn, NY 11201

By ECF

Re: LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC
Case No.: 23-cv-2099-HG

Letter-Motion Requesting a Pre-Motion Conference for Plaintiff's Motion to Strike Defendant Gio Wine & Spirits Corp.'s Affirmative Defenses

Dear Judge Gonzalez:

I represent Mr. Leonid Treyger (the "Plaintiff") in the above-referenced action. I make this letter-motion in accordance with Rule IV.A.2 of Your Honor's Individual Practices. Plaintiff respectfully requests Your Honor to schedule a pre-motion conference for Plaintiff's Motion to Strike Defendant Gio Wine & Spirits Corp.'s ("Gio") affirmative defenses.

On March 19, 2023, Plaintiff filed the Complaint in this matter [ECF Doc. No. 1]. On June 7, 2023, Gio filed its Answer [ECF Doc. No. 26], which listed 17 affirmative defenses and stated that it reserves the right to add additional affirmative defenses later. Nine of these affirmative defenses, together with that reservation, are insufficient, immaterial, impertinent, and meritless. Consequently, Plaintiff respectfully requests the Court to allow him to move the Court to strike them and that reservation from Gio's Answer.

Under Fed. R. Civ. P. 12(f) "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act … [2] on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Consequently, Plaintiff is entitled to move to strike from Gio's pleading insufficient and otherwise meritless affirmative defenses until June 28, 2023. "An allegation is 'impertinent' or 'immaterial' when it is neither responsive nor relevant to the issues involved in the action." Anderson v. Davis Polk & Wardwell LLP, 850 F. Supp. 2d 392, 416 (S.D.N.Y. 2012). Motions to strike affirmative defenses are generally disfavored, see Salcer v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015, 106 S. Ct. 3324, 92 L. Ed. 2d 731 (1986), and in considering such a motion, all reasonable inferences will be drawn in favor of the non-moving party, see Diesel Props S.r.L. v.

<u>LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC</u>
Case No.:      23-cv-2099-HG
Letter-Motion Requesting a Pre-Motion Conference for Plaintiff's Motion to Strike Defendant Gio Wine & Spirits Corp.'s Affirmative Defenses
June 26, 2023
Page 2

<u>Greystone Bus. Credit II LLC</u>, No. 07 Civ. 9580(HB), 2008 U.S. Dist. LEXIS 92988, 2008 WL 4833001, at *4 (S.D.N.Y. Nov. 5, 2008). For a plaintiff to prevail on a motion to strike an affirmative defense: "(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; [*6] and (3) the plaintiff must be prejudiced by the inclusion of the defense." <u>Coach, Inc. v. Kmart Corps., 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010)</u>.

In its First Affirmative Defense, Gio states that "Plaintiff and counsel have not acted in good faith in commencing this action." It is essentially an affirmative defense of bad faith. Gio stated that "Plaintiff commenced 107 identical ADA actions in the U.S. District Court for the Southern and Eastern Districts for the identical alleged violations, using a boiler plate complaint and seeking payment of nominal damages but exorbitant legal fees. Such actions are not condoned by this Court." [ECF Doc. No. 26, ¶207]. Gio either deliberately or grossly negligently stated false information in its submission to this Court for the purpose of placing Plaintiff in bad light, to cast shadow on him, for the purpose of presenting his action as ignoble, to make him look a greedy man, who uses the legal system to enrich himself. Yet Gio's statement is wrong. Plaintiff never commenced any actions in the Southern District of New York. Plaintiff did not commence 107 legal actions. Plaintiff commenced 13 cases exclusively in the Eastern District of New York in the past two years. None of the actions he commenced were "identical". In each of the actions Plaintiff filed, he meticulously documented all ADA violations of each business he has sued and stated sections of laws the businesses have violated. Plaintiff's complaint is not boilerplate and each one is regarding a specific entity he was litigating against. Each is substantially different from others. In the actions Plaintiff has filed, he sought statutory damages and attorney's fees, to which he was entitled. The fact that other entities, which Plaintiff has also sued, violated the ADA, and discriminated against him and all other disabled people, does not absolve Gio from being an ADA offender, does not give it cart blanche to discriminate and endanger Plaintiff and other disabled people. There was no bad faith by Plaintiff against Gio. He attempted to visit Defendant's liquor store, attempted to enter it, by riding up its ramp on his motorized mobility scooter, without which he cannot move about, but was prevented from doing so by the architectural barrier - a very steep ramp with a 27.3% slope, which is not only unlawful, and is prohibited by both 1991 and 2010 ADA Standards, but is extremely dangerous to ride on, as there is a real risk of falling backwards, which may result in a serious injury to Plaintiff, including concussion and even death. Plaintiff did not ride up the ramp, so that he would not risk grave bodily harm. Plaintiff also stated in his complaint that he plans to return to Defendant's store after the discriminatory ramp is remediated. Furthermore, Plaintiff explained in his Complaint that he is a tester. Gio is wrong. There is no law preventing Plaintiff from shopping in different stores and visiting other places of public accommodation. On the contrary, the ADA was enacted to enable disabled individuals to visit places of public accommodations. Many businesses Plaintiff has sued in the past have already remediated their ADA violations. Just two days ago, a formerly steep accessible parking space and access aisle at a gas station in Queens, which Plaintiff has sued in the past, were remediated by its owner and the gas station is now fully compliant with the ADA. That came as a result of Plaintiff's legal action against it. Many businesses in Queens are now accessible to disabled individuals, not

<u>LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC</u>
Case No.:      23-cv-2099-HG
Letter-Motion Requesting a Pre-Motion Conference for Plaintiff's Motion to Strike Defendant Gio Wine & Spirits Corp.'s Affirmative Defenses
June 26, 2023
Page 3

just to Plaintiff, because of his lawsuits. Furthermore, under the ADA private enforcement is the only remedy available to disabled individuals. There is no agency that issues summonses to discriminating businesses and no government entity enforces the ADA. Without lawsuits by disabled people businesses would continue to discriminate. Without individuals like Plaintiff, many businesses would not be accessible. Plaintiff's lawsuits serve the public. ADA cases initiated by Plaintiff serve the public good. Furthermore, Plaintiff's counsel did not file 107 lawsuits on behalf of his clients. He filed 66 lawsuits on behalf of four clients. Most of them were settled and most businesses, against which lawsuits were filed, remediated their ADA violations. The undersigned counsel is currently enforcing the injunctions that were issued by this Court against businesses in Queens that continue to discriminate against Plaintiff. One of these businesses is within two blocks from Gio, in Corona, the neighborhood which, contrary to Gio's unfounded assertions, is conveniently located. Plaintiff hopes that Gio's allegation that Plaintiff and/or his counsel filed 107 lawsuits was not made for the purpose of deceiving this Court. Nevertheless, it does have that effect. "Inclusion of a defense that must fail as a matter of law prejudices the plaintiff because it will needlessly increase the duration and expense of litigation." <u>Coach, Inc., 756 F. Supp. 2d at 426.</u>, quoted in (<u>Erickson Beamon Ltd. v CMG Worldwide, Inc., 2014 US Dist LEXIS 112437, at *11-12</u> [SDNY Aug. 12, 2014]). Gio's first affirmative defense should be stricken down.

      Gio's Second Affirmative Defense states that "Plaintiff has failed to state a claim upon which relief may be granted." That affirmative defense lacks merit, as Plaintiff has stated his claims in detail in his Complaint.

      Gio's Third Affirmative Defense states that "Plaintiff's claims are barred, in whole or in part, by the failure to satisfy the statutory and/or administrative prerequisites to the bringing of this action." That affirmative defense should be stricken because Plaintiff satisfied all requirements for bringing his Complaint. Notices of this lawsuit, together with the copies of the Complaint, were mailed to both the New York City Commission on Human Rights and to the New York State Civil Rights Bureau on March 19, 2023, the same date that Plaintiff's Complaint was filed, by certified mail, and were delivered by the carrier. The certified mail tracking numbers are 70212720000251623792 and 70212720000251623891, respectively.

      Gio's Fifth Affirmative Defense must be stricken, because under the ADA Plaintiff is not required to prove intentional discrimination.

      Gio's Ninth Affirmative Defense states that "Plaintiff has failed to take reasonable steps to protect himself from the damages alleged in the complaint and has failed to mitigate any such alleged damages." Such a defense is not germane to the instant case. "In order for failure to mitigate to be a viable defense, the complaint must allege some form of damages that the plaintiff failed to reduce. <u>See Coastal Power Int'l, Ltd. v. Transcontinental Capital Corp.</u>, <u>10 F. Supp. 2d 345, 370 (S.D.N.Y. 1998)</u> ("[T]he defense of failure to mitigate requires the defendant to establish not only that the plaintiff unreasonably failed to mitigate, but that reasonable efforts would have

LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC
Case No.:     23-cv-2099-HG
Letter-Motion Requesting a Pre-Motion Conference for Plaintiff's Motion to Strike Defendant Gio Wine & Spirits Corp.'s Affirmative Defenses
June 26, 2023
Page 4

reduced the damages."). Here, the complaint seeks a declaratory judgment and a permanent injunction; the only monetary compensation sought are attorneys' fees, costs, and expenses. …" Erickson Beamon Ltd. v CMG Worldwide, Inc., 2014 US Dist LEXIS 112437, at *13-14 [SDNY Aug. 12, 2014]) Given Plaintiff's right to bring this action under the ADA, the costs of litigation do not constitute damages that Plaintiff should have mitigated by electing not to bring this lawsuit. Therefore, Ninth Affirmative Defense should be stricken as impertinent and immaterial.

Gio's Eleventh Affirmative Defense should be stricken, because the relief Plaintiff requests is mandated by the ADA, New York State, and New York City laws.

Gio's Twelfth Affirmative Defense should be stricken, because it does not state valid legal grounds. Plaintiff requests the Court to issue an injunction under the ADA and is entitled to it.

Gio's Thirteenth Affirmative Defense should be stricken, because under the ADA Plaintiff is not required to prove an irreparable harm or injury.

Gio's Seventeenth Affirmative Defense should be stricken, because for the reasons stated above, the fact that Plaintiff has commenced other cases in this district does not excuse Gio from discriminating against him. ADA violations by other defendants do not absolve Gio from liability and responsibility to remediate its dangerous ramp. Gio should not be able to argue that it can continue to discriminate and endanger Plaintiff's life, because others do so.

Finally, in ¶206 Gio stated the following: "Defendant intends and specifically reserves the right to rely upon any additional defenses that become available or apparent while this action is pending and reserve [sic] the right to amend this answer in order to and to otherwise assert any such further defenses." This approach "subverts the Federal Rules of Civil Procedure, which indicates that the appropriate mechanism for defendants to add new affirmative defenses is to move to amend their pleadings under Rule 15(a) … "Should any facts arise during discovery that support any additional defenses, the proper avenue by which defendant can and should proceed is detailed in Fed. R. Civ. P. 15(a)." Cnty. Vanlines, 205 F.R.D. at 158, quoted in Erickson Beamon Ltd. v CMG Worldwide, Inc., 2014 US Dist LEXIS 112437, at *16 [SDNY Aug. 12, 2014]. That reservation should be stricken from Gio's answer.

Although courts "should not tamper with the pleadings unless there is a strong reason for so doing" Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976), and "[while motions to strike affirmative defenses are generally disfavored, they are nonetheless appropriately granted when 'the insufficiency of the defense is clearly apparent on the face of the pleading.'" Wireless Ink Corp. v. Facebook, Inc., 787 F. Supp. 2d 298, 314 (S.D.N.Y. 2011). Gio's answer is the perfect example of a pleading in which insufficiency of the affirmative defenses is glaring and there are strong reasons to strike them.

<u>LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC</u>
Case No.:       23-cv-2099-HG
Letter-Motion Requesting a Pre-Motion Conference for Plaintiff's Motion to Strike Defendant Gio Wine & Spirits Corp.'s Affirmative Defenses
June 26, 2023
Page 5

  Even though not required by Your Honor's Individual Practices, on June 23, 2023, I tried to resolve the aforementioned issues with Gio in good faith. I sent a letter to Mr. Swetnick, Gio's attorney, by electronic mail with a request to amend his client's answer. I did not receive a response from Mr. Swetnick.

  For the above reasons, I respectfully request Your Honor to schedule a pre-motion conference. I thank Your Honor for considering this matter.

            Very truly yours,

            *Michael Grinblat*

            Michael Grinblat, Esq.

CC: all counsel of record via ECF