UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――
LEONID TREYGER,

           Plaintiff,

    v.

GIO WINE & SPIRITS CORP. and GBA 526 LLC,

           Defendants.
―――――――――――――――――――――――――――

**ORDER**
23-CV-02099 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff, who uses a wheelchair, alleges that he is unable to access a liquor store operated by Defendant Gio Wine & Spirits Corp., in space leased from Defendant GBA 526 LLC, because the ramp leading to the liquor store is too steep. ECF No. 47 ¶¶ 10–16, 77–84. Plaintiff has asserted claims under Title III of the Americans with Disabilities Act (the "ADA"), along with analogous claims under the New York State and City Human Rights Laws. *See* ECF No. 47. At the Court's request, the parties have filed a joint letter raising various discovery disputes, and Plaintiff has more recently filed a separate letter raising additional discovery disputes. ECF Nos. 48, 52. For the reasons set forth below, the Court grants in part Plaintiff's request to compel Gio Wine & Spirits Corp. to produce additional documents, and grants in part Defendant GBA 526 LLC's request requiring Plaintiff to respond to its discovery requests.

    When seeking to compel discovery, "the party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *6340 NB LLC v. Capital One, N.A.*, No. 20-cv-2500, 2022 WL 4118521, at *2 (E.D.N.Y. Sept. 9, 2022).[1]

―――――――――――
[1]     Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

That means that the party moving to compel must demonstrate that its requested discovery is, "as stated by Rule 26, proportional to the needs of the case, taking into consideration such aspects as the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses." *Id.*  However, "[t]he party objecting to a discovery request must describe the burden of responding to the request by submitting affidavits or offering evidence revealing the nature of the burden." *Fritz v. LVNV Funding, LLC*, 587 F. Supp. 3d 1, 4–5 (E.D.N.Y. 2022).

One form of discrimination prohibited by Title III of the ADA is "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).  The ADA further instructs that courts should consider a variety of factors "[i]n determining whether an action is readily achievable," including "the overall financial resources of the facility or facilities involved in the action." 42 U.S.C. § 12181(9)(B).  To address this inquiry, Plaintiff has requested that Defendant Gio Wine & Spirits Corp. provide detailed financial information, including "tax returns, balance sheets, ledgers, registers, and profit and loss statements" for every year since 2019, and documents that quantify the costs of "improvements at the store" since 1991.  ECF No. 48 at 1.  Defendant has countered by offering to provide Plaintiff with its 2022 tax return but has otherwise refused to produce additional financial documents.  ECF No. 52 at 2.  Plaintiff, however, asserts that he needs, at minimum, Defendant's "financial ledgers and not just its year-end tax returns" because "Defendant is operating a cash business." *Id.* at 3.

The Court concludes that Plaintiff is entitled to information about Defendant Gio Wine & Spirits Corp.'s financial status, particularly since Defendant has asserted as an affirmative defense that modifying the ramp to enter Defendant's store "would impose an undue burden

upon Defendant and would not be readily achievable or feasible." ECF No. 51 ¶ 287.  The Court also agrees with Plaintiff that, due to the differences between tax accounting and financial accounting, Defendant's general ledger likely contains information about its income and expenses that Defendant's tax return would not contain.  However, the period for which Plaintiff is seeking financial information is far too long and includes financial information that is irrelevant to the claims at issue in this case.  Accordingly, the Court directs Defendant Gio Wine & Spirits Corp. to produce tax returns and general ledgers for the years 2022 and 2021.

If Defendant Gio Wine & Spirits Corp. attempts to introduce into evidence other financial information that falls within the scope of Plaintiff's requests but that Defendant has not produced, in an attempt to show that a particular alteration to Defendant's store was not "readily achievable" under the ADA, the Court will likely decline to consider that evidence on summary judgment and may preclude such evidence from being admitted at trial, in addition to any other sanctions that may be warranted.  *See* Fed. R. Civ. P. 37(b)(2)(A) (describing sanctions that courts may impose for a party's failure to comply with a discovery order).  If Defendant provides such information to an expert witness without producing it to Plaintiff, the Court will also consider striking the portions of Defendant's expert report that rely on that information and precluding Defendant's expert from offering testimony based on that information.

Plaintiff also "seeks to obtain and examine all documents relied upon by Defendant Gio to support Defendant Gio's contention that the ADA violations at its store's ramp cannot be remediated by extending it in an L-shape and turn at the corner of the building" while simultaneously stating that "Plaintiff is confident that these documents do not exist because Defendant's counsel . . . stated that Defendant never hired an architect, nor anyone else, to examine the store's ramp for any Title III ADA violations." ECF No. 52 at 3.  Defendant Gio

Wine & Spirits Corp. shall either produce any documents related to this request or amend its discovery responses to state that it has no such documents in its possession, custody, or control. If Defendant retains a testifying expert to address this issue, then Defendant shall provide Plaintiff with an expert report, and the other expert-related disclosures required by Rule 26, during the expert discovery period.

The parties' letters indicate that Plaintiff has not pursued any meaningful discovery from Defendant GBA 526 LLC. Fact discovery was scheduled to end in this case on October 5, 2023, and expert discovery is scheduled to end on December 4, 2023. ECF No. 35. The Court's scheduling order further provided that the parties were to serve on each other interrogatories and requests for the production of documents by July 21, 2023. *Id.* Defendant GBA 526 LLC was able to serve those requests on Plaintiff by that deadline. ECF No. 48 at 4. Plaintiff, on the other hand, asserts that he was unable to serve any such discovery requests on Defendant GBA 526 LLC until after Plaintiff had received Defendant's answer, which was not due until after that deadline, because Plaintiff needed Defendant's answer to know which of Plaintiff's factual allegations Defendant would deny. *Id.* at 3. Apparently, Plaintiff has still not served any discovery requests on Defendant GBA 526 LLC because Defendant's counsel did not respond to Plaintiff's request to extend the deadline for Plaintiff to serve such requests. *Id.* In order to facilitate the additional discovery that Plaintiff purportedly needs, Plaintiff requests that the Court extend the fact discovery deadline until November 30, 2023. *Id.* at 4.

Based on the parties' discovery letters, the Court finds that good cause exists to extend the deadline for expert discovery by two weeks until December 18, 2023. The Court also extends the deadline for fact discovery until November 30, 2023, but the parties must conduct fact discovery and expert discovery concurrently from this point forward. Plaintiff, and any

4

other party that intends to serve additional discovery requests, must serve those requests by November 6, 2023. The Court declines to extend the discovery deadline any further and will not extend these deadlines again in the absence of unusual circumstances demonstrating good cause because the parties' discovery submissions strongly suggest that they deferred significant discovery tasks until after their recently failed mediation, despite the Court's multiple warnings that the parties must "pursue settlement and conduct discovery simultaneously," and that the Court "w[ould] not consider delays in the parties' efforts to mediate to be good cause to extend the parties' deadlines for fact and expert discovery." ECF Order dated July 28, 2023; ECF Order dated Sept. 7, 2023.

The parties' submissions assert that Defendant Gio Wine & Spirits Corp. failed to respond adequately to numerous discovery requests from Plaintiff, apart from the requests discussed above, and that Plaintiff has failed to respond to numerous requests from Defendant GBA 526 LLC. *See* ECF No. 48. However, the parties have neither provided the Court with copies of those discovery requests nor adequately described the requests at issue in a manner that enables the Court to decide the parties' discovery disputes. The parties shall continue to confer regarding these disputes and shall file a joint letter that complies with Section IV.A of the Court's Individual Practices raising any further discovery disputes by November 28, 2023.

Finally, Defendant GBA 526 LLC seeks to compel a deposition of Plaintiff that never occurred. ECF No. 48 at 4. Plaintiff says that the parties never scheduled that deposition for a variety of logistical and procedural reasons, including that Defendant GBA 526 LLC sent the deposition notice by email without the parties having agreed to serve discovery requests by email, purported to schedule a remote deposition without the parties having agreed to take depositions remotely, and purported to schedule Plaintiff's deposition for Labor Day. *Id.* at 2.

None of these are acceptable reasons for not making Plaintiff available for a deposition, and the Court hereby orders Plaintiff to appear for a deposition by Defendant GBA 526 LLC on or before November 30, 2023.  If the parties cannot agree on the method of taking Plaintiff's deposition, the Court will not hesitate to order Plaintiff to appear for the deposition remotely pursuant to Rule 30(b)(4), which provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means."  Fed. R. Civ. P. 30(b)(4).  The Court will not accept from Plaintiff or any other party any further hyper-technical excuses for not moving forward expeditiously with the parties' discovery obligations.

    SO ORDERED.

                                                */s/ Hector Gonzalez*
                                                HECTOR GONZALEZ
                                                United States District Judge

Dated: Brooklyn, New York
        October 31, 2023