UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LEONID TREYGER,

                    Plaintiff,

          v.

GIO WINE & SPIRITS CORP. and GBA 526
LLC,

                    Defendants.

**ORDER**
23-CV-02099 (HG)

**HECTOR GONZALEZ**, United States District Judge:

The Court denies Plaintiff's request for leave to amend his complaint to allege that the

height of the counters in Defendants' liquor store violates the Americans with Disabilities Act

(the "ADA") and analogous provisions of state and local law.  ECF No. 55.  Plaintiff has already

amended his complaint once before to address Defendants' assertion that he failed to allege

standing, and his amended complaint currently alleges that the only ADA violation at

Defendants' store relates to the ramp at the store entrance.  ECF No. 47 ¶¶ 165–87.  Since

Plaintiff's request to amend his complaint again comes after the deadline for amending pleadings

in the Court's scheduling order, Plaintiff must demonstrate good cause for the amendment.  *See*

*Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021).  He has failed to do so.  More than three

months have passed since that deadline, *see* ECF No. 35, and fact discovery, which the Court has

already extended once, is scheduled to close on November 30, 2023, *see* ECF No. 53 at 4–5.

Defendants would be prejudiced if the Court were to extend the fact discovery period yet again

to permit the parties to explore the merits of Plaintiff's additional alleged ADA violation.

Plaintiff asserts that the belated discovery of the alleged ADA violation involving

Defendants' counters is justified because his architectural expert only just discovered the

violation when she came to inspect Defendants' property for the purpose of examining the ramp. *See* ECF No. 55. But Defendants' store is open to the public, and despite Plaintiff's alleged inability to access the store using his wheelchair, Plaintiff could have had his attorney or any other person visit the store, before the deadline to amend his complaint expired, to review the store's interior for additional alleged ADA violations. Although the feasibility of remedying those violations might fall within an architect's expertise, Plaintiff did not need to wait until the expert discovery period to attempt to identify those violations.

The Court also denies Plaintiff's request that Defendants permit his architectural expert to inspect areas inside the liquor store that are not open to the public, including the basement. *See* ECF No. 55. Plaintiff contends that such an inspection is relevant to the alleged ADA violations involving the store's ramp and not simply a pretext for searching for potential additional violations. Plaintiff explains that if the architect finds evidence of alterations to Defendants' store in these areas, it will change the burden of proof for Plaintiff's claims related to the ramp because altering a property triggers additional obligations under the ADA. *See id.* at 3. That may be true, but Plaintiff does not need an inspection to confirm that these alterations were made because, as his letter explains, plans confirming the alterations were filed with the City of New York's Department of Buildings. *See id.* at 2; ECF Nos. 55-2 & 55-3. Additional inspection to corroborate the fact that alterations were made is, therefore, unnecessary, and Plaintiff has failed to explain why the architectural details of the alterations made in these areas are relevant to the feasibility of modifying the ramp at the entrance to Defendants' store.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
      November 27, 2023

2