UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LEONID TREYGER,

               Plaintiff,

        v.

GIO WINE & SPIRITS CORP. and GBA 526 LLC,

               Defendants.

**ORDER**
23-CV-02099 (HG)

**HECTOR GONZALEZ**, United States District Judge:

       The Court grants in part and denies in part the motions to compel discovery by Plaintiff and Defendant GBA 526 LLC.  ECF Nos. 58, 59.  Plaintiff's response to Defendant GBA 526 LLC's Interrogatory No. 9 requesting a "computation of each category of damage" that Plaintiff seeks merely refers Defendant to several paragraphs in Plaintiff's amended complaint, which allege that Plaintiff is entitled to specific amounts of statutory damages established by the Americans with Disabilities Act (the "ADA") and analogous state and local laws.  *See* ECF No. 58-2 at 9; ECF No. 47 ¶¶ 255, 271, 273, 274.  If Plaintiff seeks any monetary relief other than attorney's fees or statutory damages, then Plaintiff shall serve an amended response to Defendant's Interrogatory No. 9 itemizing those damages on or before December 5, 2023.  If Plaintiff fails to do so, then the Court will deem Plaintiff to have waived his entitlement to any monetary relief other than statutory damages and attorney's fees.  Plaintiff need not itemize his attorney's fees at this time, and any inquiry into the amount or reasonableness of Plaintiff's attorney's fees will occur only after the Court determines whether Plaintiff is a "prevailing party" according to the ADA's provision authorizing an award of attorney's fees.  *See* 42 U.S.C. § 12205.

On or before December 5, 2023, Plaintiff shall serve on Defendant GBA 526 LLC either a privilege log that provides the information required by Local Civil Rule 26.2 or, alternatively, a letter confirming that Plaintiff is not actually withholding any documents or information responsive to Defendant's discovery requests based on attorney-client privilege or the attorney work product doctrine.  Defendant GBA 526 LLC shall produce all non-privileged documents responsive to Plaintiff's outstanding discovery requests on or before December 5, 2023.  Since Defendant GBA 526 LLC's letter did not raise any issues with Plaintiff's requests, Defendant has waived all discovery objections except for any good faith claims that documents are protected by the attorney-client privilege or attorney work product doctrine.

The Court denies Defendant GBA 526 LLC's request that the Court overrule various objections that Plaintiff has asserted in response to Defendant's discovery requests on the ground that they are improper generalized objections.  *See* ECF No. 58.  Defendant has acknowledged receiving a production of documents from Plaintiff and has not explained in its letter how, if at all, Plaintiff's document production was deficient.

Plaintiff and a representative of each Defendant shall appear for depositions no later than December 11, 2023.  The Court will not accept any party's or counsel's personal or professional schedule as an excuse for not completing the depositions by that date.  Any party who fails to appear for a deposition by that date should expect the Court to impose substantial monetary sanctions both on that party personally and the party's counsel, pursuant to Rule 37 or the Court's contempt power or inherent authority.  The Court will also consider whether to impose terminating sanctions on any party who fails to appear for a deposition, such as entering a default judgment against the offending Defendant pursuant to Rule 37 or dismissing Plaintiff's claims for failure to prosecute pursuant to Rule 41(b).

Other than the items addressed in this order, the parties shall complete all remaining fact discovery by November 30, 2023, as required by the Court's prior order.  *See* ECF No. 53.  The parties shall complete expert discovery by the current deadline of December 18, 2023.  Based on the parties' submissions throughout this case, both Plaintiff and each Defendant have contributed to the discovery delays that have occurred.  Accordingly, the Court will not accept the repeated delays in fact discovery as a reason to extend further the expert discovery deadline, especially since the Court ordered the parties nearly a month ago to conduct fact and expert discovery concurrently.  *See* ECF No. 53.  If any party fails, prior to the end of the expert discovery deadline, to serve an expert disclosure, to make an expert witness available for a deposition, or to take the deposition of another party's expert witness, then the Court will likely deem that party to have waived the right to present expert testimony at trial or to take the deposition of another party's expert before trial, as the circumstances warrant.

SO ORDERED.

                         */s/ Hector Gonzalez*
                         HECTOR GONZALEZ
                         United States District Judge

Dated:  Brooklyn, New York
        November 29, 2023