# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

<u>*Via Electronic Filing*</u>
The Hon. Hector Gonzalez, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                Re:    *Treyger v. Gio Wine & Spirits Corp. et al.*
                       Case No.: 1:23-cv-02099-HG

Dear Honorable Judge Gonzalez:

      This law firm represents Defendant GBA 526 LLC (the "Landlord Defendant") in the above-referenced action. This letter is submitted jointly with counsel for co-Defendant Gio Wine & Spirits Corp. (the "Tenant Defendant").

      Pursuant to Your Honor's Individual Motion Practice Rules, this joint letter respectfully serves to request an extension of time for the Landlord Defendant's Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 26(a)(2) expert witness to submit a rebuttal report, from December 18, 2023 to, through and including, January 19, 2023.

      On October 31, 2023 [Dckt. No. 53], the Court extended the initial expert discovery completion deadline from December 4, 2023 to, through and including, December 18, 2023. [*See* Dckt. No. 53 at *4]. Thus, this is the second request of its kind. There are extenuating circumstances surrounding this request. Thus, request is not made lightly.

      The basis of this request is that the Landlord Defendant only received Plaintiff's Fed.R.Civ.P. 26(a)(2) expert disclosures on December 4, 2023 ("Plaintiff's Expert Report").

      The Landlord Defendants' expert requires additional time to review Plaintiff's Expert Report, and to complete his rebuttal report, pursuant to Fed.R.Civ.P. 26(a)(2). The Landlord Defendants expert anticipates being in a position to complete his rebuttal report, on or before January 19, 2023.

      The undersigned met-and-conferred with counsel for Plaintiff Leonid Treyger (the "Plaintiff") on Wednesday, December 13, 2023 at 4:00 p.m. During the meet-and-conferral phone call, Plaintiff's counsel advised the undersigned that he required additional time to consider the instant request. Via email circulated on December 15, 2023 at 10:47 a.m. Plaintiff declined to consent to an extension of time to complete expert discovery. Plaintiff did not provide a basis for withholding his consent.

      On December 25, 2023, Plaintiff filed a 17-page letter motion to the Court requesting: (i) sanctions against the Landlord Defendant, and the undersigned law firm, pursuant to Fed.R.Civ.P. 30(d)(2); (ii) a pre-motion conference in anticipation of a motion to compel the Landlord

Defendant to provide supplemental responses to Plaintiff's discovery requests; and (iii) an extension of the summary judgment filing deadline. [*See* Dckt. No. 61]. Plaintiff's December 25th letter motion contains multiple misrepresentations that warrant attention. To the extent related to Defendants' request for an extension of time to complete expert discovery, Plaintiff misrepresented that:

> "[The Landlord Defendant] needs additional 30 days to find an expert[,]" and to "examine the ramp leading to the store's entrance[.]"

> "[D]uring the good faith telephone conference on December 13, 2023, Mr. Mizrahi told [Plaintiff's counsel] that Defendant GBA needs additional 30 days to find an expert."

[*See* Dckt. No. 61 at pp. 5-6].

These are false statements. As explained to Plaintiff's counsel on December 13, 2023, The Landlord Defendant has already retained an expert. Plaintiff's December 25, 2023 17-page letter motion conveniently omits the fact that Plaintiff's Expert Report was not served until ***December 4, 2023***.

The Landlord Defendant's expert simply requires additional time to review Plaintiff's Expert Report, and prepare a rebuttal report. The Landlord Defendants' expert anticipates being in a position to complete his rebuttal report on or before January 19, 2023. The preparation of a defendant's rebuttal report – in response to a Plaintiff's expert report – is the norm under the burden-shifting[1] framework in Title III ADA cases.

To be clear – neither party anticipates taking any further expert discovery in this action, including expert depositions. Thus, there is absolutely no prejudice to Plaintiff, should this request be granted.

If granted, this request would also necessitate an extension of the motion for summary judgment, and *Daubert* motion commencement deadlines of December 28, 2023, to, through and including, January 29, 2023. [2]

In light of the foregoing, it is respectfully requested that the Court grant an extension of time to complete expert discovery, for the limited purpose of extending the Landlord Defendant's Fed.R.Civ.P. 26(a)(2) expert witness to submit a rebuttal report, from December 18, 2023 to, through and including, January 19, 2023.

---

[1] *See Antolini v. Thurman,* 2021 WL 3115169, at *2 (S.D.N.Y. 2021), *aff'd*, 2023 WL 1113535 (2d Cir. 2023) (addressing the burden-shifting framework of Title III).

[2] Although Plaintiff withheld his consent to the instant request, he is separately seeking a seventeen (17) day extension of time to file a pre-motion letter in anticipation of a motion for summary judgment, to, through and including January 15, 2024. [*See* Dckt. No. 61 at p. 1].

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

                                                  Respectfully submitted,

                                                  LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                                  By: */s/ Jason Mizrahi*
                                                       Jason Mizrahi
                                                       60 East 42nd Street, Suite 4747
                                                       New York, NY 10170
                                                       Tel. No.: (212) 792-0048
                                                       Email: Jason@levinepstein.com
                                                       *Attorneys for Defendant GBA 526 LLC*

VIA ECF: All Counsel