# Law Offices of Michael Grinblat
## 10 East 39th Street, 12th Floor
## New York, NY 10016

Telephone: (347) 796-0712
michael.grinblatesq@gmail.com

December 18, 2023

Hon. Hector Gonzalez
225 Cadman Plaza East
Brooklyn, NY 11201

By ECF

Re:     LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC
        Case No.:      23-cv-2099-HG

        Plaintiff's Request to Extend Expert Discovery Deadline for Plaintiff to December 29,
        2023

Dear Judge Gonzalez:

        Mr. Daniel Berke and I are counsel for Mr. Leonid Treyger ("Plaintiff"), who respectfully requests the Court to extend expert discovery deadline for Plaintiff to December 29, 2023, the same date on which GBA's expert discovery concludes. On December 15, 2023, the Court issued an Order, in which Your Honor extended expert discovery deadline for Defendant GBA 526 LLC ("GBA") to December 29, 2023. Your Honor's Order was a partial grant and a partial denial of GBA's letter-motion dated December 15, 2023, in which the latter included incorrect information. In that letter-motion, GBA stated that it explained to Plaintiff's counsel that it already retained an expert. We only found out about that information after reading that letter-motion. GBA never sent Rule 26 disclosure statement to Plaintiff and never told his counsel about it, not on December 13, 2023, nor on any earlier date. Furthermore, GBA incorrectly refers to its expert's report as a "rebuttal report", while it is simply an expert's report, and GBA always had a duty to retain an expert and examine its own ramp, instead of baselessly denying Plaintiff's allegations, contained in his Complaint. During their depositions, representatives of both Defendants stated that they neither examined the ramp, nor retained anyone to examine it. Deposition of GBA's representative was taken a few days ago and during it GBA's representative should have stated that GBA retained an expert. GBA also incorrectly stated that "neither party anticipates taking any further expert discovery in this action, including expert depositions. Thus, there is absolutely no prejudice to Plaintiff, should this request be granted." The only parties who do not anticipate taking any depositions are Defendants. Indeed, Gio Wine & Sprits Corp. never scheduled any depositions at all. Defendant GBA scheduled depositions of Plaintiff twice, then confirmed that they would go forward, then cancelled both of them. Defendant GBA never scheduled depositions of Plaintiff's experts and its counsel, Mr. Mizrahi, informed Plaintiff's counsel that GBA does not intend to take depositions of his experts. On the other hand, Plaintiff took depositions of both Defendants and

<u>LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC</u>
Case No.: 23-cv-2099-HG
Plaintiff's Request to Extend Expert Discovery Deadline for Plaintiff to December 29,
2023
December 18, 2023
Page 2

intends to take depositions of all of their experts. Plaintiff already informed Defendants that he intends to depose Defendant GBA's expert, if it actually has one.

The proverbial 11th Hour notice that GBA plans to have an expert comes late in this case. It came on Friday, December 15, 2023, three days before the deadline for expert discovery. Defendants' defense depends on their position that they cannot afford to remediate the ADA violations on the ramp, leading to the store's only entrance, because it is not readily achievable. Yet they never provided any financial documents to support their position. Only upon reading GBA's letter-motion to the Court did Plaintiff found out that GBA retained an expert. However, GBA never explained who that expert is and what that expert is planning to rebut. Plaintiff retained two experts and submitted their sworn affidavits to Defendants. One of Plaintiff's experts is an architect, who submitted an architectural drawing, showing how Defendants' ramp may be remediated. Another Plaintiff's expert is from the construction company, which provided the cost estimate of the remediation.

Plaintiff anticipates that Defendant GBA's expert would state that the cost of remediation would be higher than that proposed by Plaintiff's expert. It could be an architect, a representative from a construction company, or an accountant. It could be more than one expert. In anticipation of that line of GBA's defense, Plaintiff intends to introduce an additional expert, an accountant, who would submit a sworn affidavit to Defendants, showing that because of the Disabled Access Credit – IRS Form 8826 – the net cost of remediation for Defendants is going to be significantly lower than that provided in Plaintiff's cost estimate, timely provided by the latter to Defendants. Plaintiff did not retain an expert accountant before, because Defendants neglected their duty to disclose that they retained an expert. Furthermore, Defendants' expert may be an accountant, who may state that Defendants cannot afford to make a remediation after her examination of their financial statements, which neither of them submitted to Plaintiff. For that reason, Plaintiff must retain an accountant expert as soon as possible. Plaintiff did not retain an accountant until now because Defendants did not inform him that they retained an expert. Contrary to Defendant GBA's contention, Plaintiff's expert is going to be a rebuttal expert, and not the other way around. Having found out on December 15, 2023, *from GBA's letter-motion to the Court*, that Defendant GBA hired an expert, Plaintiff' counsel made frantic efforts to urgently retain an accountant. Because of the late notice and of the current holiday season, Plaintiff did not yet succeed in retaining an expert accountant. Plaintiff anticipates retaining an accountant and providing a report to Defendants in the next few days.

For the above reasons, Plaintiff respectfully requests the Court to extend expert discovery deadline for Plaintiff until December 29, 2023, the same date on which GBA's expert discovery concludes. Plaintiff does not anticipate Defendants to depose Plaintiff's expert accountant, because they never requested to depose any of his experts in the past. This is Plaintiff's second request to extend the deadline for expert discovery and Plaintiff does not make it lightly. Plaintiff's expert is a rebuttal expert for Defendant GBA's 11th Hour expert on an unknown subject. The extension of time will not interfere with any other deadlines, as it is the same as the deadline for GBA. Plaintiff

LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC
Case No.: 23-cv-2099-HG
Plaintiff's Request to Extend Expert Discovery Deadline for Plaintiff to December 29, 2023
December 18, 2023
Page 3

requested Defendants consent to extend the discovery deadline, but did not receive it.

I thank Your Honor for taking your time to consider this matter.

Very truly yours,

*Michael Grinblat*

Michael Grinblat, Esq.

CC: all counsel of record via ECF