

# DUNNINGTON
## BARTHOLOW & MILLER LLP

ATTORNEYS AT LAW

230 Park Avenue | 21st Floor | New York, NY 10169 | Telephone: 212-349-2800 | www.dunnington.com | rswetnick@dunnington.com

January 25, 2024

**By ECF**

Hon. Hector Gonzalez
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> RE: Leonid Treyger v. Gio Wine & Spirits Corp. and GBA 526 LLC
> Case No.: 23-cv-2099 (HG)

Dear Judge Gonzalez:

This office represents Defendant Gio Wine & Spirits Corp. ("Gio Wine"). We submit this letter in response to your Order of January 23, 2024 relating to Plaintiff's letter dated January 19, 2024 (ECF Doc. No. 68).

We first note that the five page letter submitted by Plaintiff contains only a single allegation of non-production by Defendant Gio Wine. It quotes the Court's Order of October 31, 2023 (ECF Doc. No. 53), which states that if Defendant Gio Wine does not provide financial information, the the Court "will likely decline to consider that evidence on summary judgment and may preclude such evidence from being admitted at trial…" Despite this clear and unambiguous language, Plaintiff in their letter of January 19, 2024 now request sanctions because documents have allegedly not yet been produced. Defendant Gio Wine offered to provide its income tax returns to demonstrate its finances, but Plaintiff has refused to accept such documentation as sufficient. If the Plaintiff believes that there is some independent or other document which would better reflect on the corporation's financial resolve, they could have sought such information to verify this at the deposition of the sole stockholder of the corporation – by inquiring as to what remuneration, if any, he received during the past year, the amount of money on deposit, etc. Defendant Gio Wine readily believes that its income tax return is, in fact, the best indication of what profits, if any, the corporation has made and that it has not failed to provide information as to the claimed financial hardship IF such a renovation was indeed feasible (i.e. the City of New York would permit the revised ramp to infringe on the existing sidewalk which is the property of the City of New York and accessed around the corner from the entrance to the store – Plaintiff's proposed design).

Hon. Hector Gonzalez
January 25, 2024
Page 2



    Regretfully, Plaintiff's "scorched earth" policy of resolving this case has created legal costs which will cause me to move to withdraw as counsel for Gio Wine.

    Thank you for your consideration and attention.

                                            Respectfully yours,

                                            */s/ Robert N. Swetnick*

                                            Robert N. Swetnick
                                            Partner

RNS:sb

cc:      All Counsel of Record (*By ECF*)