UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LEONID TREYGER,

                Plaintiff,

      v.

GIO WINE & SPIRITS CORP.
and GBA 526 LLC,

                Defendants.

**ORDER**
23-cv-02099 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff moves the Court: (i) to impose sanctions on Defendant Gio for purported deficiencies in its document productions, *see* ECF No. 68 at 2; (ii) to impose sanctions on Defendant GBA for the same reason, *id.*; and (iii) "to schedule a pre-motion conference, order GBA to submit documents or information not provided to Plaintiff in the future, either in its responses to any document or motions to be filed by Plaintiff or at trial," *id.* at 4. The Court previously ordered Plaintiff to "raise any disputes related to purported deficiencies in [GBA's] production of documents or interrogatories in a jointly drafted letter no longer than five pages that may attach the relevant discovery requests and responses as exhibits." *See* December 15, 2023, Text Order. Plaintiff failed to comply with this directive and instead filed a pre-motion letter unilaterally and without meeting and conferring with GBA.

    The Court declines to order sanctions against Gio for purported deficiencies in its document productions. The Court previously ordered that "if [Gio] attempts to introduce into evidence other financial information that falls within the scope of Plaintiff's requests but that Defendant has not produced, in an attempt to show that a particular alteration to Defendant's store was not 'readily achievable' under the ADA, the Court will likely decline to consider that evidence on summary judgment and may preclude such evidence from being admitted at trial, in

addition to any other sanctions that may be warranted." *See* ECF No. 53 at 3.  Gio rightly notes that Plaintiff's brief reference to it in the instant letter motion does not identify any specific deficiency so as to render sanctions appropriate.  *See* ECF No. 70 at 1.  Otherwise, the Court's previous warning regarding unproduced evidence remains in effect.  *See* ECF No. 53 at 3.

The Court also declines to order sanctions against GBA for purported deficiencies in its document productions.  In its prior Order, the Court ordered GBA to "serve on Plaintiff either a privilege log that provides the information required by Local Civil Rule 26.2 or, alternatively, a letter confirming that Defendant GBA 526 LLC is not actually withholding any documents or information responsive to Plaintiff's discovery requests based on attorney-client privilege or the attorney work product doctrine" on or before December 29, 2023.  *See* December 15, 2023, Text Order.  Plaintiff's letter confirms that GBA provided it with such confirmation by the deadline, *see* ECF No. 68 at 1, rendering sanctions inappropriate.

Finally, the Court orders GBA to supplement its responses for those interrogatories raised by Plaintiff (nos. 13, 14, 17, 18, and 25).  For those interrogatories, GBA referred Plaintiff to "publicly filed documents."  *See* ECF No. 68-2 (GBA's Responses and Objections to Plaintiff's First Set of Interrogatories).  GBA now contends that Plaintiff has access to the same information through deposition testimony and expert disclosures.  *See* ECF No. 71 at 3 n.10.  But it is well-settled that "a party may not incorporate deposition testimony . . . in lieu of offering a complete and separate response to each interrogatory."  *Pouliot v. Paul Arpin Van Lines, Inc.*, No. 3:02-CV-1302, 2004 WL 1368869, at *2 (D. Conn. June 14, 2004).  Of course, GBA may rely on information that has emerged from discovery in responding to Plaintiff's interrogatories, but vague references to other sources of information do not "fully" answer each interrogatory.  Fed. R. Civ. P. 33(b)(3).  GBA shall supplement its responses to the challenged interrogatories on or

before February 9, 2024.  If GBA does not comply, it will likely face sanctions, as fact discovery has been closed for a considerable length of time.

In light of this Order, the Court denies as moot Plaintiff's letter motion for an extension of time to respond to Defendants' responses.  *See* ECF No. 72.  The parties' deadline to file pre-motion letters regarding proposed motions for summary judgment and to exclude the testimony of expert witnesses, which the Court has extended twice, remains today, January 26, 2024.  *See* January 23, 2024, Text Order.

The Court reminds the parties that they must confer in good faith before making discovery or other non-dispositive motions, E.D.N.Y. Local Civil Rule 37.3(a), and must comply with all applicable orders and rules.  Going forward, the Court is unlikely to excuse noncompliance with these obligations, which have contributed to an excessive number of requests for relief.

SO ORDERED.

                                                             */s/ Hector Gonzalez*
                                                            HECTOR GONZALEZ
                                                            United States District Judge

Dated: Brooklyn, New York
        January 26, 2024