Berke & Associates PLLC
203 E72nd Street, Suite 6A
New York, NY 10021
917 747 4263
danberke100@gmail.com

January 26, 2024

Hon. Hector Gonzalez
United States District Court, Eastern District of New York
225 Cadman Plaza East, Brooklyn, New York 11201

By ECF   Re:   <u>LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC</u>
         Case No.:  23-cv-2099-HG

Plaintiff's letter motion to preclude opinions of Defendant GBA's expert witness Demetry

Dear Judge Gonzalez:

Michael Grinblat Esq and I represent Plaintiff Leon Treyger ("Plaintiff") who seeks an order precluding opinions of Defendant GBA's expert witness architect Hany Demetry stated in his report of Dec. 22, 2023 and in his deposition on Dec 29, 2023 as follows: 1) no alterations were made to the Premises after March 15, 2012"  Sotir Reprt, Pg 1 par 1 2) it is technically infeasible to construct the proposed ramp of Plaintiff's expert witness Ms Esquenazi  Sotir Rprt. Pg 7 2nd par. 3 and Demetry Depo Ex 5 pg 235 lines 13 to 18; 3) Construction of the proposed ramp will create illegal conditions on the public sidewalk, Sotir Rprt pg 7 last line and 4) Gio's store ramp "doesn't need to comply" with the ADA rules, Demetry Depo pg 29 7 to 13 and 5) lack of front door clearance requires renovation of the store interior. Sotir Rprt pg 7, 3rd par.

Plaintiff seeks an Order to exclude Mr. Demetry's opinion testimony pursuant to FRE 702(b) because the testimony is not based on sufficient facts; based upon 702(c) the testimony is not a product of reliable principles and methods; and upon 702(d) his opinion does not reflect reliable application of principles and methods to the facts of the case.

Expert testimony may be excluded if the underlying reasoning or methodology is invalid *(Daubert* at 592; *Kumho Tire Co., Ltd. v. Carmichael* (1999) 526 US 137, 148-149). Or it may be excluded under FRE 403 "if its probative value is substantially outweighed by the danger of unfair prejudice ... " (FRE 403). Under FRE 104(a), the district court must make a preliminary determination as to whether the proposed expert witness is qualified to testify. *(Daubert* at 591.)

Mr. Demetry lacks "sufficient facts or data" to conclude it is "technically infeasible" to construct Ms Esquenazi's proposed ramp. FRE 702(b). Mr. Demetry never measured sidewalk distances from Gio store's property line to the curb on 108th Street nor 48th Avenue. Demetry's Dep., Exhibit 5, p. 75, L. 22 – 25; p. 76, L. 2 – 9] He admits this data is important for NYC Dept of Buildings (DOB) and NYC Dept of Transportation (DOT) to grant approval of the proposed ramp.  Demetry's Dep., Exhibit 5, p. 75, L. 9 – 21.  Mr. Demetry admits that criteria of DOT Street Design Manual guidelines state sidewalks should have eight (8) feet or ( 9) feet clear width distances for pedestrians.. Depo.  p. 70, L. 9 – 25; p. 162, L. 11 – 19. The proposed ramp will provide thirteen (13) feet on the sidewalk of 108th Street and ten (10) feet on the sidewalk of 48th Avenue. [Demetry's Dep., Ex 5, p. 180, 2– 25] Mr. Demetry did not possess these key facts and he reached conclusions without knowing  the ramp provides 13 feet and 10 feet on the sidewalk which is greater than 9 feet and 8 feet and complies with the Street Design Manual. These facts show the ramp complies with criteria of 2022 NYC DOB Code Chapter 11 and the DOT. Mr. Demetry is missing key factual data and thereby he cannot reliably conclude that this same data shows the ramp fails to meet criteria of DOB and DOT regarding sidewalk distances.

His opinion violates FRE 702 (d) as not based upon a reliable application of principles of architecture. He doesn't have sufficient experience and education to reach his conclusions that require specialized knowledge of a DOT traffic pedestrian study, and he does not have training,

experience or expertise in this field. [Demetry's Dep., Exhibit 5, p. 231, L. 17 – 25; p. 232, L. 2 – 25; p. 233, L. 2 – 16]. His conclusions are unreliable because as his own experience shows DOB approved 99% of his applications for waivers and DOT approved his application for a waivers 4 out of 5 times, and thereby he has no reliable basis to state DOB and DOT will not approve the proposed ramp when the ramp meets DOB and DOT criteria. Mr. Demetry failed to apply a reliable application of principles when he concluded there was no alteration at the Gio liquor store after Mar 15, 2012. He testified that on July 24, 2012, the NYC Department of Buildings ("DOB") approved an application for "Alteration Type 2" construction work at the store Gio Liquors under Job # 420596778 regarding store alterations of installing floor to ceiling security partitions, an HVAC unit, and a bulletproof glass door. [Demetry's Dep., Exhibit 5, p. 190, L. 25; p. 191, L. 2 – 25; p. 192, L. 2 – 25; p. 193, L. 2 – 25; p. 194, L. 2 – 12, p. 218, L. 17 – 25; p. 219, L. 2 – 11] Mr. Demetry testified the date of completion of construction work is the date "it is signed off" by the DOB. [Demetry's Dep.Ex 5,, p. 209, L. 17 – 25] and the store alterations were finally "signed off" as completed by the DOB on May 21, 2013. [Demetry's Dep.Ex 5, p. 205, L. 7 – 19] Mr. Demetry testified that according to the ADA Guidelines "the date of an alteration is the last date it was approved by a local building department." [Demetry Dep., Ex 5, p. 227, L. 3 – 9] For the reasons above, Plaintiff respectfully requests to make a motion to preclude the six named above opinions of Mr. Demetry that are unfounded based upon FRE 702 (b) and (c ) and (d).

*Daniel Berke,*

Daniel Berke, Esq. (db1855)

Attorney for Plaintiff Berke & Associates PLLC

203 E 72nd St Suite 6A New York, NY 10021  Tel: (917 747 4263   Email: danberke100@gmail.com