# Law Offices of Michael Grinblat
## 10 East 39th Street, 12th Floor
## New York, NY 10016

Telephone: (347) 796-0712
michael.grinblatesq@gmail.com

January 26, 2024

Hon. Hector Gonzalez
225 Cadman Plaza East
Brooklyn, NY 11201

By ECF

Re: <u>LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC</u>
Case No.: 23-cv-2099-HG

Plaintiff's Request for a Pre-Motion Conference for Motions for Summary Judgment Against Defendants Gio Wine & Spirits Corp. and GBA 526 LLC

Dear Judge Gonzalez:

Mr. Daniel Berke and I are counsel for Mr. Leonid Treyger ("Plaintiff"), who respectfully requests a pre-motion conference for Plaintiff's motions for summary judgment ("MSJ") against Defendants Gio Wine & Spirits Corp. ("Gio") and GBA 526 LLC ("GBA") in compliance with Rule IV.A.2 of Your Honor's Individual Practice Rules. Plaintiff intends to move for summary judgment because there is no genuine issue of material fact.

A claim under Title III of the ADA ("Title III") requires a plaintiff to establish that: (1) he is disabled as defined by the ADA; (2) the defendant owns, leases, leases to or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. <u>Camarillo v. Carrols Corp.</u>, 518 F.3d 153, 156 (2d Cir. 2008).

There can be no dispute regarding the first two elements. Plaintiff was diagnosed with multiple sclerosis and cannot move about without a wheelchair. Plaintiff cannot walk, a disability within the meaning of the ADA (42 U.S.C. § 12102 [2]); New York State Executive Law (§ 296 [21]); and Administrative Code of the City of New York (§ 8-102 [16]). Defendant leases commercial space in its building to Gio, which operates a liquor store in it, a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104 Place of public accommodation (5), the New York State Human Rights Law §292(9) and the New York City Human Rights Law, Admin. Code of the City of New York, §8-107(4). The only issue to be resolved is whether Defendants are obligated to remove the architectural barrier, i.e. to remediate the violations of the ADA, NYS, and NYC laws on the ramp leading to the store's only entrance.

<u>LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC</u>
Case No.: 23-cv-2099-HG
Plaintiff's Request for a Pre-Motion Conference for Motions for Summary Judgment Against Defendants Gio Wine & Spirits Corp. and GBA 526 LLC
January 26, 2024
Page 2

The ADA imposes three different standards based on the year when the building was built and when alterations were made: (1) "new construction" standard applies to buildings first occupied after January 26, 1993; (2) "alteration" standard ("Alteration Standard") applies to post-January 26, 1992, modifications to public accommodations in buildings built before January 26, 1992; and (3) "readily achievable" standard applies to unaltered portions of a public accommodation in buildings built before January 26, 1992. *See* 42 U.S.C. §§ 12182(b)(2)(A)(iv) and 12183; and 28 C.F.R. §§ 36.401, 402.

The Alteration Standard applies to Defendants, under which defendants commit discrimination when, as is the case with the defendants here, they makes alterations after January 26, 1992, that are not readily accessible to and usable by individuals with disabilities to the maximum extent feasible. See 42 U.S.C. § 12183(a)(2); <u>Roberts v. Royal Atlantic</u>, 542 F.3d 363, 368 (2nd Cir. 2008); *see also* 28 C.F.R. § 36.402(b). Determination of whether a facility has undergone an "alteration" involves a fact-specific inquiry centered on a broad application of the concept of "usability". *See* <u>Id.</u>, 542 F. 3d at 369. Furthermore, when an alteration "affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area [is] readily accessible to and usable by individuals with disabilities where such alterations to the path of travel are not disproportionate to the overall alterations in terms of cost or scope (as determined under criteria established by the Attorney General)." <u>Dedra De La Rosa v. 597 Broadway Development Corp.</u>, 13-cv-7999 U.S.D.C. for the S.D.N.Y., Report & Recommendation of Magistrate Judge Michael H. Dolinger. *See also* <u>Roberts</u>, 542 F.3d at 368.

"To establish the existence of an alteration, a plaintiff fulfills [**20] his or her initial burden of production by identifying a modification to a facility and by making a facially plausible demonstration that the modification is an alteration under the ADA. The defendant then bears the burden of persuasion to establish that the modification is in fact not an alteration." <u>Roberts v. Royal Atl. Corp.</u>, 542 F3d 363, 371 [2d Cir 2008].

The commercial space at Gio was modified more than once. In approximately 2001, the laundromat was converted into a liquor store. In 2013, bulletproof glass and partitions were installed in the store. These modifications are alterations. Defendants failed to fulfil their burden of persuasion that they are not alterations, as they did not produce any documents to the contrary.

Consequently, the path of travel to the altered area must have been made readily accessible to the disabled individuals where the cost was not disproportionate to the overall cost or scope of the alterations. Defendants failed to remediate the ramp – the sole means of access to the store. They also failed to provide any information as to both the scope of the alterations and their costs. They should be precluded from using disproportionality as their defense. Defendants thus must have remediated the ramp.

<u>LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC</u>
Case No.: 23-cv-2099-HG
Plaintiff's Request for a Pre-Motion Conference for Motions for Summary Judgment Against Defendants Gio Wine & Spirits Corp. and GBA 526 LLC
January 26, 2024
Page 3

Defendants also should have remediated the ramp under the less stringent *readily achievable* standard. The Court of Appeals established that "the Borkowski approach is also appropriate when considering the removal of barriers under 42 U.S.C. § 12182(b)(2)(A)(iv), which applies even to facilities that are neither new nor altered, and that are not paths of travel." <u>Roberts v. Royal Atl. Corp.</u>, 542 F3d 363, 373 [2d Cir 2008]. "When evaluating a claim under this provision, we require a plaintiff to articulate a plausible proposal for barrier removal, 'the costs of which, facially, do not clearly exceed its benefits.' *Borkowski, 63 F.3d at 138*. Neither the estimates nor the proposal are required to be exact or detailed, for the defendant may counter the plaintiff's showing by meeting its own burden of persuasion and establishing that the costs of a plaintiff's proposal would in fact exceed the benefits. Because the concept [**26] of 'readily achievable' is a broad one, either party may include in its analysis, as costs or benefits, both monetary and non-monetary considerations." <u>Roberts v Royal Atl. Corp.</u>, 542 F3d 363, 373 [2d Cir 2008]. As noted above, Defendants failed to provide financial documents and should be precluded from using cost as a defense.

Plaintiff both satisfied and exceeded the *Roberts* standard. His expert witness, architect Marcia Esquenazi, submitted a detailed proposal regarding remediation of the ramp to Defendants. GBA's expert witness, Mr. Hany Demetry, did not present arguments sufficient to satisfy GBA's burden in both his report and during his deposition. He offered self-contradictory confused testimony, failed to show that Plaintiff's architectural plans are inadequate, did not use scientific methodology to reach his findings of fact, which in turn failed to support his conclusions. Mr. Demetry failed to take measurements of the sidewalk and did not have measurements of the ramp. He did not have them during the deposition and stated that he did not remember what they were. Mr. Demetry also stated that he had no reason to doubt the accuracy of Ms. Esquenazi's measurements. Mr. Demetry stated that he did not measure the distance between the building line and/or the ramp and the curb on 108th Street. He also did not measure the distance between the building line and the curb on 48th Avenue, around the corner of the building. Mr. Demetry argued that it would not be possible to construct the ramp proposed by Plaintiff. That conclusion was based on his predictions of what the NYC Department of Buildings and of Transportation would allow. At one time during the deposition, Mr. Demetry stated that the Department of Transportation would not grant variance because the sidewalk would not be sufficiently wide. At another time during the same deposition, he acknowledged that the existing width warranted grant of variance. It was evident from Mr. Demetry's testimony that his interpretation of the definition of "maximum extent feasible" is not consistent with the law. In his view, if it is not possible to make Defendant's ramp fully comply with the ADA, no remediation should be made at all. Mr. Demetry testified that the existing ramp is not compliant with the ADA, NYS, NYC laws. He also acknowledged that the ramp proposed by Plaintiff would be compliant. Furthermore, he acknowledged that partial remediation of the ramp, as proposed by Plaintiff, would make it safer for the disabled. Mr. Demetry further acknowledged that flat landing and handrails would increase

<u>LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC</u>
Case No.: 23-cv-2099-HG
Plaintiff's Request for a Pre-Motion Conference for Motions for Summary Judgment Against Defendants Gio Wine & Spirits Corp. and GBA 526 LLC
January 26, 2024
Page 4

safety. Having stated that the NYC Department of Transportation would not permit construction of the ramp proposed by Plaintiff by not granting variance, he stated that in similar circumstances his applications for variance were approved by the same department three out of four times. GBA's expert witness's testimony consisted of confusedly contradictory opinions leading to unsubstantiated conclusions that are contradicted by both fact and law. Plaintiff intends to show in his motion for summary judgment that there is no genuine issue of material fact, that the ramp may and should be remediated, which would make it safer for people with disabilities.

  For the above reasons, Plaintiff respectfully requests the Court to schedule pre-motion conferences for Plaintiff's motions for summary judgment against the two Defendants. Plaintiff is grateful to Your Honor for taking your time to attend to this matter.

                Very truly yours,

                Michael Grinblat, Esq.

CC: all counsel of record via ECF