# **EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LEONID TREYGER,**<br><br>Plaintiff,<br><br>-against-<br><br>**GIO WINE & SPIRITS CORP., GBA 526 LLC,**<br><br>Defendants. | **AFFIDAVIT OF PLAINTIFF LEONID TREYGER**<br><br>CASE NO.: 23-cv-2099-HG |

State of New York
County of Queens) SS

Leonid Treyger hereby duly swears under oath under penalty of perjury to the truth of the following:

**My Background**

1. I have been diagnosed with multiple sclerosis by my treating neurologist.

2. This neurological condition affects my control of muscles in my legs. I cannot balance well on my own two feet, have difficulty standing and cannot walk.

3. My neurologist prescribed me a motorized mobility scooter ("Motorized Scooter").

4. I obtained the Motorized Scooter.

5. I use my Motorized Scooter for mobility everywhere, including inside my apartment.

6. I use my Motorized Scooter every day for all activities requiring mobility.

7. I need a properly sloped, ADA-compliant ramp to enter a store.

8. When I enter a store, I need to use my Motorized Scooter on routes connecting its accessible spaces and features.

9. For me to enter a store, a ramp leading to its entrance must be properly sloped, its landings must be level, it must be sufficiently wide, its surface must not have cracks, holes or other hazards that can pose danger of catching the wheels of my Motorized Scooter, causing its tipping and my falling from it.

10. I am "disabled" under the statute, which in pertinent part states:

> *Disability* means, with respect to an individual, a physical or mental impairment that substantially limits one or more of the major life activities of such individual…. The phrase *major life activities* means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working.
>
> 28 C.F.R. §36.104 (italics in original).

11. In May 2021 I attempted to enter and shop inside of the store Gio Liquors, located at 48-01 108th Street, Corona, NY.

12. The store Gio Liquors has only one entrance.

13. There is a ramp leading to the store's entrance.

14. That ramp is the only way to reach the entrance door of the store Gio Liquors.

15. That ramp reaches a height of at least 15 inches above the ground.

16. Other than by riding up the ramp, there is no way for me to enter the store Gio Liquors.

17. The ramp leading to the entrance of the store Gio Liquors is very steep and dangerous.

18. I cannot walk and must ride my Motorized Scooter up the steep ramp to enter the store Gio Liquors.

19. I live in Jackson Heights, Queens County, in the State of New York.

20. I have lived in Jackson Heights, Queens, for over 30 years.

21. I visit Corona approximately once per month and have done so for over 15 years.

22. Gio Liquors store is in Corona, Queens.

23. I live 2.3 miles away from Gio Liquors store.

24. I use my Motorized Scooter to travel to shop in stores, as well as to dine in restaurants in Woodside, North Corona, Corona, Elmhurst, Astoria, and other city neighborhoods.

25. I sometimes visit Woodside, North Corona, Corona, Elmhurst, Astoria, and other city neighborhoods in a van.

26. Corona borders Jackson Heights, the neighborhood in which I live.

27. I enjoy taking trips to Corona on my Motorized Scooter.

28. I often travel to Flushing Meadows Corona Park, where I meet with my friends and acquaintances, who regularly frequent the park.

29. I enjoy shopping in Corona.

30. I enjoy having meals in restaurants in Corona.

31. I enjoy visiting New York Hall of Science in Corona.

32. I enjoy riding my Motorized Scooter on Corona's streets.

33. Flushing Meadows Corona Park is in Corona.

34. I enjoy visiting Flushing Meadows Corona Park and come to it approximately once per month.

35. Flushing Meadows Corona Park is approximately one city block away from Gio Liquors.

36. I ride to Corona on my Motorized Scooter approximately once per month.

37. Sometimes I pass next to Gio Liquors on my way to Flushing Meadows Corona Park.

38. In May 2021, I rode in a van to Corona and was dropped off near Flushing Meadows Corona Park, not far from the store Gio Liquors.

39. I wanted to make a purchase inside the store Gio Liquors.

40. While sitting on my Motorized Scooter, I tried to enter Gio Liquors by riding up the ramp to reach its sole entrance door.

41. When I started riding up the ramp, I realized that it was very steep and that it would be dangerous to continue riding all the way to its top. I was afraid that my Motorized Scooter would tip over and fall backwards, causing me to suffer a serious and potentially fatal injury.

42. While riding up the ramp, I noticed that its landing is slanted.

43. Having realized that I would not be able to enter the store by riding up the ramp, I tried to find another entrance, which would be accessible to disabled people.

44. I rode around the corner of the building, in which the store is located, onto 48th Avenue, to see whether there was another entrance to the store there.

45. I realized that there is no other entrance to Gio Liquors on 48th Avenue.

46. I then tried to see whether there was another entrance to the store on 108th Street.

47. I realized that there was no other entrance to the store on 108th Street and that the only way to enter the store Gio Liquors was by riding up the ramp.

48. I then tried to find a way to get attention of a store's employee in hope of requesting that employee for assistance with buying what I wanted in the store.

49. There was no buzzer outside of the store, which I would have been able to press to call attention of a store's employee.

50. I also did not observe any other device located near the entrance to Gio Liquors, which would have allowed me to alert the store's employee of my need for assistance.

51. I then looked inside the store's windows to see whether there were any instructions on how to alert a store's employee.

4

52. There was no sign in Gio Liquors' windows with instructions for disabled visitors on how to alert the store's employee of their need for assistance.

53. I then tried to find instructions on how to alert the store's employee by looking for a sign on the walls of the building in which Gio Liquors is located.

54. I realized that there was no sign with instructions on the store's walls.

55. Not being able to enter the store by riding up its ramp to its only entrance, and not being able to alert the store's employee of my need for assistance, I realized that I would not be able to buy anything in the store without assistance.

56. Consequently, I requested someone to purchase for me an item I wanted to buy at the store.

57. That person agreed to help me and walked up the ramp leading to Gio Liquors' entrance, entered the store, bought the item I wanted, obtained a receipt, exited the store, walked down the ramp, and gave both the item and the receipt to me.

58. Frustrated, disappointed, and humiliated, I left the store Gio Liquors.

59. Defendants discriminated against me by not removing architectural barriers that prevented my entry to the store Gio Liquors and by denying me a safe path of travel into the store.

### My Intention to Return to Gio Liquors

60. The store Gio Liquors is in Corona, Queens, NY.

61. Gio Liquors is 2.3 miles from my home in Jackson Heights, Queens.

62. I visit Corona about once per month.

63. Gio Liquors is located approximately one city block away from Flushing Meadows Corona Park, which I visit about once per month.

5

64. It is convenient for me to shop at Gio Liquors when I travel to Flushing Meadows Corona Park.

65. I intend to visit Gio Liquors again in the future when I visit Flushing Meadows Corona Park, purchase items offered for sale in it and enjoy its services as soon as the architectural barriers are removed.

66. I cannot shop in the store Gio Liquors until the architectural barriers are removed, because I cannot enter it.

**I am a Tester**

67. I am an advocate of the rights of disabled persons and a tester for the purpose of asserting my civil rights.

68. I visit places of public accommodation to determine whether they are compliant with the ADA.

69. Completely independent of my personal desire to have access to the store Gio Liquors free of illegal barriers to access, I am a tester for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations.

70. As a tester, I visit public accommodations and purposely encounter barriers to access.

71. I purposely test barriers to access in public accommodations to determine whether they are unlawful.

72. When I determine that barriers to access are unlawful, I initiate a legal action against an owner, operator, lessor, or lessee of a public accommodation to end discrimination.

73. Following completion of a legal action, I intend to return to the same place of public accommodation to ensure its compliance with the ADA.

74. As a tester, I visited the store Gio Liquors to encounter architectural barriers to access.

75. As a tester, I personally encountered the architectural barriers in Gio Liquors.

76. I visited Gio Liquors, purchased an item in it with another person's assistance, obtained a receipt, and encountered ADA violations on the store's ramp while I attempted to enter the store Gio Liquors.

77. I encountered ADA violations during my visit to the store Gio Liquors.

78. Following conclusion of this lawsuit, I intend to return to the store Gio Liquors as both a customer, who wants to shop at the store, and as a tester to determine whether Defendants remediated the ADA violations, installed an ADA-compliant ramp and to purchase items in the store Gio Liquors.

79. My motivation to return to the store Gio Liquors in part stems from my desire to utilize ADA litigation to make my community more accessible for myself and for other disabled individuals, who cannot visit Defendants' store Gio Liquors because of the architectural barriers.

80. I pledge to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court, including returning to the store Gio Liquors as soon as it is accessible, so that an injunction can be issued by this Court upon Defendants, ordering them to remediate the ADA violations in Gio Liquors.

81. Following conclusion of this lawsuit, I intend to visit the store Gio Liquors twice a year to ensure that Defendants comply with the ADA and to purchase goods in it.

82. I am confident that Defendants will not remediate the ADA violations in their store Gio Liquors without the Court's intervention.

83. I will continue to suffer discrimination without the Court's intervention.

84. I will enforce the injunction ordered against Defendants once it is issued by the Court.

Dated: January 15, 2024

_____
Leonid Treyger


Sworn to before me on this

15th day of January 2024

_____
Michael Grinblat
Notary Public, State of New York
No. 02GR6105730
Qualified in Queens
Commission Expires on 2/17/2024

8