# **EXHIBIT 6**

**Sotir Associates**
9118 5th Ave, #301, Brooklyn, NY 11209
O. 646.663.3400           F. 646.663.3399
hdemetry@sotirconsultants.com

| | |
|---|---|
| **Address:** | **48-01 108th Street, Corona, NY 11368** |
| **Report Date:** | **December 22th, 2023** |
| **Site inspection Date:** | **November 7th, 2023** |
| **Inspector:** | **Hany Demetry, NYS Registered Architect - Lic#38321** |

## Introduction

Sotir Associates, LLC ("Sotir") was retained to survey the existing conditions at 48-01 108th Street, Corona, NY 11368 (the "Premises") in response to the amended complaint filed on September 8, 2023 (the "Amended Complaint") by plaintiff Leonid Treyger ("Plaintiff"). The Amended Complaint was supported by, *inter alia*: (i) an affidavit of Marcia Esquenazi, of Marcia Esquenazi Architect, P.C., dated December 4, 2023 (the "Esquenazi Aff."); (ii) an affidavit of Val Dobrova, of Tony's Masonry Group LLC, dated December 4, 2023 (the "Dobrova Aff."); and (iii) the supplemental affidavit of Marcia Esquenazi, of Marcia Esquenazi Architect, P.C., dated December 13, 2023 (the "Supp. Esquenazi Aff.").

On November 7, 2023, Sotir conducted an on-site survey of the Premises. Sotir undertook and recorded measurements of the components of the Premises that the Esquenazi Aff., the Dobrova Aff. and the Supp. Esquenazi Aff. allege do not meet the technical specifications published by the Department of Justice in the Americans with Disabilities Act ("ADA") Standards for Accessible Design. Sotir's on-site survey included an exterior and interior inspection of the Premises. Sotir also undertook and recorded measurements of the Premises' façade and sidewalk.

Sotir was further retained to proactively recommend proposals for removing architectural barriers that allegedly exist at the Premises, so as to satisfy applicable ADA regulations, and to determine the feasibility of implementing such proposals. Sotir's findings are published in the instant report.

## Building History

The Premises is located within a mixed-use, grandfathered building, in a residential zone in Queens, New York. The Premises comprises the building's first floor, and operates as a liquor store. Residential units comprise the floors above the Premises. According to publicly available NYC Department of Building (the "DOB") filings, the building was originally built around 1920. No certificate of occupancy is on file with the DOB. In Sotir's professional opinion, this is typical for buildings built prior to 1920, where no change of use has occurred.

According to publicly available NYC DOB filings, existing interior portions of the Premises' first floor were renovated under NYC DOB application nos. 401250944 (approved on August 14, 2001) and 420596778 (approved on July 24, 2012, and signed-off on May 21, 2013). Both applications were approved by DOB plan examiners Anthony Pollicino and Godefrey Taylor, respectively. Neither application altered, or affected the usability of, the Premises' existing egress. The building's current owner, and landlord, GBA 526 LLC, has owned the building since, on or around March 2021.

**Sotir Associates**
9118 5TH AVE, #301, BROOKLYN, NY 11209
O. 646.663.3400          F. 646.663.3399
hdemetry@sotirconsultants.com

**Applicable Code Citations**

There were no alterations made to the Premises on or after March 15, 2012. Therefore, the applicable standard for evaluating the existing conditions of the Premises is 1991/Rev. 1994 ADA Standards for Accessible Design (the "ADAAG" or the "1991 ADA").

**ADA Barrier Removal**

Section 36.304 of the Title III Regulations requires public accommodations to remove architectural barriers in existing facilities where such removal is readily achievable. Readily achievable is defined in Section 36.304 as, "easily accomplishable without much difficulty and expense." Elements within existing facilities which do not comply with the alteration provisions of the 2010 Standards are deemed to be architectural barriers except that, elements within existing facilities which have not been altered on or after March 15, 2012, and which comply with the alteration provisions of the 1991 Standards, are in deemed in compliance with Section 36.304.

An entity's obligations to remove architectural barriers within existing facilities is less onerous than its obligations for providing accessibility within newly constructed and altered facilities. The ADA Title III TA Manual at Section 4.4200 clarifies that, "the requirement to provide access is less stringent than it is in new construction and alterations." The determination of what is readily achievable is determined by each public accommodation on a case-by-case basis. Factors which each public accommodation must consider in its determination of whether it is readily achievable to remove an existing architectural barrier, as listed in the ADA Title III TA Manual, Section 4.4200, include:

1. The nature and cost of the action;

2. The overall financial resources of the site or sites involved; the number of persons employed at the site; the effect on expenses and resources; legitimate safety requirements necessary for safe operation, including crime prevention measures; or any other impact of the action on the operation of the site;

3. The geographic separateness, and the administrative or fiscal relationship of the site or sites in question to any parent corporation or entity;

4. If applicable, the overall financial resources of any parent corporation or entity; the overall size of the parent corporation or entity with respect to the number of its employees; the number, type, and location of its facilities; and

5. If applicable, the type of operation or operations of any parent corporation or entity, including the composition, structure, and functions of the workforce of the parent corporation or entity.

**Sotir Associates**
9118 5ᵀᴴ Ave, #301, Brooklyn, NY 11209
O. 646.663.3400        F. 646.663.3399
hdemetry@sotirconsultants.com

**Report Summary**

Overall, Sotir found that the Esquenazi Aff., the Dobrova Aff. and the Supp. Esquenazi Aff. include vague observations which were not based on specific accessibility requirements. In several instances, the Esquenazi Aff., the Dobrova Aff. and the Supp. Esquenazi Aff. state that components of the Premises were not accessible, but only give overall dimensions. All of the measurements cited in the Esquenazi Aff., the Dobrova Aff. and the Supp. Esquenazi Aff. were based observations; no measurements were supported by evidence demonstrating that exact measurements were taken.

Paragraphs 82-83, 173-174, 178, and 185-187 of the Amended Complaint list one (1) alleged barrier in the Premises, *to wit*: an inaccessible entrance / egress.

In response to the alleged violation, Sotir has determined the feasibility of implementing proposals for removing architectural barriers that allegedly exist at the Premises, so as to satisfy applicable ADA regulations.

**I.   Alleged Barrier No. I - Building Entrance / Exit**

**A.  The Esquenazi Aff.**

"The intermediate landing platform is at a height that ranges from 15 inches to 17 1/2 inches above the sidewalk."

"There is an upper landing, including a cross slope to the entry door of the store Gio Liquors, which adds two to three more inches for a total of approximately 20 inches above the sidewalk.

"The ramp, leading to the intermediate landing of the store Gio Liquors, is very steep, dangerous, and has a slope greater than 1:12; it is in violation of the requirements as set forth by the ADA."

"The ramp leading to the entrance of the store Gio Liquors has a ramp, which in some locations has a slope greater than 20%, which also means that the slope of the ramp is greater than 1:5, in violation of the ADA requirement that no slope can be greater then 1:12."

"At the store Gio Liquors, the ramp run has a slope of 27.3%, which is equivalent to 1:3.66, in violation of 1991 Standards §4.8.2 and 2010 Standards Table §405.2."

"The ramp's rise is over 15 inches."

"The ramp at the store Gio Liquors has no handrails."

"The ramp at the store Gio Liquors has a guard rail on the right side of the ramp, as one rides up the ramp, which does not qualify as a handrail, in violation of 1991 Standards §4.8.5 and 2010 Standards §505.2."

"There is no handrail extending beyond the bottom of the ramp in violation of 1991 Standards §4.8.5 and 2010 Standards §505.10.1."

**B.  The Dobrova Aff.**

"I both reviewed and am relying upon the ramp dimensions specified in the architectural drawings of the architect, Marcia Esquenazi, for the building of a ramp leading to the entrance of the store Gio Liquors, 48-01 108th Street, Corona, NY 11368."

"Construction of the ramp will cost $13,200."

"The completion of this project will take three business days and involve two workers."

SOTIR Associates
9118 5TH AVE, #301, BROOKLYN, NY 11209
O. 646.663.3400          F. 646.663.3399
HDEMETRY@SOTIRCONSULTANTS.COM

### C. The Supp. Esquenazi Aff.

"The ramp has an intermediate landing platform that is at a height that ranges from 15 inches to 18 inches above the sidewalk. There is an upper landing at the store entrance door as well as a cross slope to the door which adds two to five inches for a total of approximately 20 inches above the sidewalk. From the sidewalk to the intermediate landing, the ramp is very steep, dangerous, and has a slope greater than 1:12; and it is in violation of the requirements set forth by Americans with Disabilities Act "ADA".

"At some points, the store ramp has a slope greater than 20%, which is greater than 1:5, which violates the ADA requirement that states no slope can be greater than 1:12. 1991 Standards §4.8.2 Slope and Rise."

"The store's ramp run, at certain points, has a slope of 27.3%, equivalent to 1:3.66, in violation of 1991 Standards §4.8.2 and 2010 Standards Table §405.2."

"The ramp's rise is over 15 inches."

"The intermediate landing has a slope of 8.4%, equivalent to 1:11, in violation of 1991 Standards §4.8.2, 1991 Standards §4.8.4, and 2010 Standards §405.7.1."

"The store ramp to the entrance of the store Gio Liquors has no handrails."

"The ramp at the store Gio Liquors has a guard rail. It is on the right side as one rides up the ramp. This does not qualify as a handrail, and it violates 1991 Standards §4.8.5 and 2010 Standards §505.2."

"There is no handrail extending beyond the bottom of the ramp in violation of 1991 Standards §4.8.5 and 2010 Standards §505.10.1."

"To remediate ADA violations, metal handrails may be added to the ramp at a cost of approximately $1800 and will involve one day of work by a welder."

"To remediate the upper landing and intermediate landing so that they will have a gradual slope of less than 8.4%, will require the addition of concrete and to scarify the existing ramp and landings. Construction is expected to be finished within two days and be performed by a mason at a cost of approximately $2,000."

"The cost to build the Title III ADA compliant proposed ramp plan as depicted in my architectural drawings attached hereto, will cost approximately $8,900 and may be achieved by purchasing a prefabricated metal ramp. It is expected to be completed within two days and will be performed by a welder."

Sotir Associates
9118 5ᵀᴴ Ave, #301, Brooklyn, NY 11209
O. 646.663.3400          F. 646.663.3399
hdemetry@sotirconsultants.com

### D. The Amended Complaint

"The ramp leading to the entrance of the store Gio Liquors is very steep, dangerous, and has a slope greater than 1:12."

"The ramp leading to the entrance of the store Gio Liquors has a ramp that at times has a slope greater than 20%, which also means that the slope of the ramp is greater than 1:5."

"At the store Gio Liquors, the ramp run has a slope of 27.3%, which is equivalent to 1:3.66, in violation of 1991 Standards §4.8.2 and 2010 Standards Table §405.2."

"The ramp's rise is over 15 inches."

"The landing leading to the entrance of the store Gio Liquors has a slope of 8.4%, which is equivalent to 1:11.9, in violation of 1991 Standards §4.8.2*, 1991 Standards §4.8.4*, and 2010 Standards §405.7.1."

"The ramp at the store Gio Liquors has no handrails."

"The ramp at the store Gio Liquors has a guard rail on the right side of the ramp, as one rides up the ramp, which does not qualify as a handrail, in violation of 1991 Standards §4.8.5* and 2010 Standards §505.2."

"There is no handrail extending beyond the bottom of the ramp in violation of 1991 Standards §4.8.5* and 2010 Standards §505.10.1."

### E. Sotir's Response

The Esquenazi Aff., the Dobrova Aff., the Supp. Esquenazi Aff., and the Amended Complaint prematurely assume that the existing ramp triggers a violation of the ADA. However, an accessible entrance would only be required if providing the accessible entrance is readily achievable. Sotir has considered the one (1) proposal identified in the Esquenazi Aff., the Dobrova Aff., the Supp. Esquenazi Aff., for creating an accessible route from the sidewalk to the store entrance, *to wit*: (i) the construction of a permanent ramp. In Sotir's professional opinion, this proposal is not technically feasible. Thus, removal of the architectural barriers relating to the building entrance are not readily achievable.

    **i.**    **Construction of a Permanent Ramp**

To make the entrance accessible, the required ramp would need to have a maximum slope of 1:12, meaning a 1'-0" of plan dimension to every 1" of drop, with a maximum run or 30'-0" without a landing. This would require a 20'-0" ramp. This hypothetical ramp is not technically feasible, as it is only allowed to project 44" on the sidewalk, and will have to stretch along the 108th street frontage. *See Fig. 1.1, Fig. 2*. Here, the existing frontage of the building is only 26'-0". *Id*. This will lead to ramp stretching beyond the property line and provide an entry point from the adjacent property, which is not legal. *Id*.

SOTIR ASSOCIATES
9118 5TH AVE, #301, BROOKLYN, NY 11209
O. 646.663.3400          F. 646.663.3399
HDEMETRY@SOTIRCONSULTANTS.COM

The architectural plans, dated September 6, 2023, referenced in the Dobrova Aff., suggest a proposal to: (i) demolish the existing delivery ramp at the Premises; and (ii) construct a permanent ramp, which wraps around the city sidewalk abutting the building on both street frontages (*i.e.,* the 48th Ave., and 108th Street frontages).

This hypothetical ramp is not in compliance with the ADA or the NYC Building Code. As set forth above, the maximum permitted projection on a city sidewalk under the ADA is 44" beyond the property line, on one street for corner lots. *See, e.g.,* 2022 NYC Building Code at § 3202.2. In order for this hypothetical ramp to change directions, a turn-around radius of 5'-0" is required to be provided. This means that the proposed intermediate landing must be 5'-0" x 5'-0" at least (not 3'-8" x 3'-8", as proposed). Therefore, the 5'0" (*i.e.,* 60'') projection on the sidewalk is beyond the 44'' maximum permitted projection. *See Fig. 1.1, Fig. 2.*

The architectural plans, dated September 6, 2023, referenced in the Dobrova Aff. and the Supp. Esquenazi Aff., do not address the Premises' existing entrance door. *See Fig. 1.2.* Assuming *arguendo* that the hypothetical permanent ramp is technically feasible (it is not), there is no feasibility analysis as to its impact on the existing entrance, and the layout of the Premises. *See Fig. 1.2, Fig. 3.* Under this proposed plan, a full renovation of the interior layout of the store will be required, as more clearances will be required on the interior of the store. *Id.* This could detrimentally impact the commercial viability of the Premises.

ii.      Recommended Action

Wheelchair accessibility to the Premises is not readily achievable and is therefore not required by the ADAAG.

Constructing such a ramp would create illegal conditions on the public sidewalk endangering pedestrians and would not achieve the intended goal.

Sotir Associates
9118 5th Ave, #301, Brooklyn, NY 11209
O. 646.663.3400          F. 646.663.3399
hdemetry@sotirconsultants.com



*Fig. 1.1 –   Proposed ramp with non-compliant landing.*

*Fig. 1.2 – Proposed ramp, not addressing entrance.*



*Fig. 2 – Diagram showing that a ramp for ADA accessibility will block the residential apartments entrance, and will extend into the adjacent property.*

9

Sotir Associates
9118 5th Ave, #301, Brooklyn, NY 11209
O. 646.663.3400          F. 646.663.3399
hdemetry@sotirconsultants.com



Fig. 3 – Door "Pull side" Required Clearance

Signed,

_____
Hany Demetry
NY State Registered Architect
Lic#38321