# **EXHIBIT 9**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LEONID TREYGER**, | **SECOND SUPPLEMENTAL AFFIDAVIT OF MARCIA ESQUENAZI** |
| Plaintiff, | |
| -against- | |
| **GIO WINE & SPIRITS CORP., GBA 526 LLC**, | CASE NO.: 23-cv-2099-HG |
| Defendants. | |

State of New York

County of New York SS)

MARCIA ESQUENAZI hereby duly swears under oath under penalty of perjury to the truth of the following:

1. To make the path of travel to the front entrance door of the store Gio Liquors, located at 48-01 108th Street, Corona, NY, more accessible for people with disabilities, an electrical door assist may be installed, as specified in the 2022 NYC Department of Buildings ("DOB") Code §1101.5.8 entitled Automatic Doors.

2. An electric door assist opens a door in the ingress and egress by electric power, by means of a user pressing on a door button. Through use of electric door assist it is possible to both bypass necessity of doing construction to change the configuration of the front entrance door and to bypass the necessity to comply with the clearance requirements of 18 inches and 24 inches of the latch

side of the door. *See* 2022 NYC Dept of Buildings Code § 1101.5.8 Automatic Doors. The cost of an electric door assist is approximately $400.

3. The existing ramp is steep. It has a slope ratio of approximately 1:6, in violation of the ADA Guidelines and both the NY State Building Code and the NYC Building Code. The steepness of the existing ramp at a slope ratio of 1:6 is dangerous to both able bodied and disabled individuals.

4. The City of New York Mayor's Office of People with Disabilities, the DOB, and the NYC Department of Transportation ("DOT") recognize through review of field conditions and by providing application process for waivers of code requirements it is possible to install ramps that are compliant with the ADA Guidelines and city agency codes. These city agencies routinely provide waivers to address alternate ramp dimensions to increase the number of safe sidewalk ramps for people with disabilities.

5.	Mr. Demetry cites § 3202.2 of 2022 NYC DOB Code, which applies to encroachments of walls and balconies. It is not correct Code provision outlining the process for application and waiver of Code requirements permitting the DOB and DOT to approve the proposed ramp as set forth in the architectural plans dated September 6, 2023.

6.	Mr. Demetry fails to disclose information regarding existence of additional DOB Code provisions that outline how The City of New York Mayor's Office of People with Disabilities, the DOB, and DOT have addressed and implemented rules and regulations to maximize the ability to install sidewalk ramps to accommodate people with disabilities and to accommodate site conditions requiring waivers. 2022 NYC Building Code § 3202.2.2.1 Ramps makes reference to Chapter 11 of the Code. Mr. Demetry fails to mention that § 1101.3.5 of the Building Code describes special provisions for waiver of Code requirements that allows for approval of

construction of the proposed ramp and § 1101.3.5.1 describes the application process. § 1101.3.5.2 describes waiver of recommendations. § 1101.4 is regarding alterations affecting area of primary functions.

7. After construction of the proposed ramp on 108th Street and on 48th Avenue there will be sufficient clear width distances of 13 feet and ten feet, respectively, on the sidewalks for pedestrian traffic that complies with the requirements set forth by the DOT. According to the DOT Street Design Manual, sufficient clear width sidewalk distances are met at eight feet or at a distance that is half the distance from the building property line to the curb. On 108th Street there is 18 feet of distance from the property line to the curb, making half the distance nine feet which is greater than eight feet. On 48th Avenue there is 15 feet of distance from the property line to the curb, making eight feet greater than half the distance, 7.5 feet. After construction of the proposed ramp with a 43" x 60" landings, or after its construction with 60" x 60" landings, on 48th Avenue there will be at least ten feet of sidewalk space for pedestrians from the building line to the curb. On 108th Street there will be at least 13 feet of sidewalk space for pedestrians from the building line to the curb.

8. These clear width distances on the sidewalk satisfy both the DOB and DOT requirements and present no impediment to approval of the construction of the proposed ramp.

9. The proposed ramp meets the criteria required by the DOB and the DOT to consider a waiver to allow construction of the proposed ramp based upon the existing dimensions of the sidewalk.

10. Mr. Demetry is incorrect about the need for an expensive traffic sidewalk safety study at this location because the DOT criteria are met because there is at least 13 feet of sidewalk space for pedestrians on 108th Street and there will be at least ten feet of sidewalk space for pedestrians on 48th Avenue.

Dated: January 26, 2024

*Marcia Esquenazi*
Marcia Esquenazi

Marcia Esquenazi Architect, P.C. (Lic. # 019812)
Tel: (917) 821-1180

Sworn to before me on this

26th day of January, 2024

*Michael Grinblat*
Michael Grinblat
Notary Public, State of New York
No. 02GR6105730
Qualified in Queens
Commission Expires on 2/17/2024