**Law Offices of Michael Grinblat**

**10 East 39th Street, 12th Floor**

**New York, NY 10016**

Telephone: (347) 796-0712

michael.grinblatesq@gmail.com

January 29, 2024

Hon. Hector Gonzalez
225 Cadman Plaza East
Brooklyn, NY 11201

By ECF

Re:	LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC
	Case No.:	23-cv-2099-HG

Plaintiff's Request for a Pre-Motion Conference in Connection with his Request for a Motion for Sanctions Against Defendant GBA 526 LLC

Dear Judge Gonzalez:

**Plaintiff's Statement:**

Mr. Daniel Berke and I are counsel for Mr. Leonid Treyger ("Plaintiff"), who respectfully requests the Court to schedule a pre-motion conference for Plaintiff's motion for sanctions against Defendant GBA 526 LLC ("GBA"). Plaintiff makes this request in compliance with Rule IV.A.2 of Your Honor's Individual Practice Rules. Plaintiff's counsel and counsel for GBA conferred regarding their discovery disputes regarding the deposition of Plaintiff by GBA by both email and telephone on November 28, 2023, the day on which Plaintiff's deposition was scheduled. On January 24, 2024, Plaintiff sent an email to Mr. Mizrahi, counsel for GBA, with a request to insert his position in the present letter. Mr. Mizrahi failed to insert his position. Instead, he responded with a request to schedule a conference call. Mr. Berke and I conferred with Mr. Mizrahi, regarding the issues in this letter motion on January 26, 2024. During the telephone conference Mr. Mizrahi presented no argument against sanctions. He had only one thing to say: take caution. He cautioned us that we should not file the present letter motion, because, according to him, as is evident from the Court's prior decisions, the Court will be unsympathetic to us, deny the motion anyway and making it would be a waste of time for all of us.

For the reasons stated below, Plaintiff respectfully requests the Court to award him $5,250 in attorney's fees.

Sanctions Against GBA for Cancelling Plaintiff's Depositions

On November 17, 2023, Plaintiff and GBA scheduled Plaintiff's deposition for November

<u>LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC</u>
Case No.: 23-cv-2099-HG
Plaintiff's Request for a Pre-Motion Conference in Connection with his Request for a
Motion for Sanctions Against Defendant GBA 526 LLC
January 29, 2024
Page 2

28, 2023. However, on the day preceding the deposition, Mr. Mizrahi created a condition precedent for proceeding with taking Plaintiff's deposition. Mr. Mizrahi insisted that he would not take Plaintiff's deposition until he first obtains Plaintiff's response to GBA's request for documents. After Plaintiff provided GBA with his response, Mr. Mizrahi continued to refuse to take Plaintiff's deposition until Plaintiff submits to GBA "computation of each category of damage." As a result, GBA sabotaged Plaintiff's deposition. Plaintiff gave a detailed explanation of what transpired prior to, and during, the scheduled deposition in his Status Report [ECF Doc. No. 59].

On November 29, 2023, the Court denied GBA's motion to compel discovery regarding Plaintiff's response to GBA's document requests. The Court ruled that "Plaintiff need not itemize his attorney's fees at this time." The Court also denied GBA's request that the Court overrule Plaintiff's objections and observed that "Defendant has acknowledged receiving a production of documents from Plaintiff and has not explained in its letter how, if at all, Plaintiff's document production was deficient." Consequently, GBA's refusal to proceed with the deposition of Plaintiff was improper and he respectfully requests the Court to allow Plaintiff to demand that GBA compensates him for the work his counsel performed in connection with Plaintiff's deposition and subsequent work related to the motion for sanctions related to that deposition.

Following the events described above, GBA refused to take deposition of Plaintiff the second time after scheduling it for a new date. On November 30, 2023, Mr. Mizrahi scheduled Plaintiff's deposition for December 7, 2023. Plaintiff confirmed that he would be available on that date. On the evening of December 6, 2023, Mr. Mizrahi informed me by email that "Plaintiff's deposition will not be taking place tomorrow." It is the second time that GBA cancelled Plaintiff's deposition. GBA never deposed Plaintiff. His counsel spent 1.5 hours on counseling Plaintiff for his deposition on December 7, 2023, and is entitled to be compensated for his time.

Both the Federal Rules of Civil Procedure and legal precedents in the Eastern District support Plaintiff's entitlement to sanctions from GBA. F.R.C.P. Rule 30(d)(2) states that "the court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."

> Rule 30(d)(2) authorizes the Court to sanction any person who "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). "A court . . . may impose sanctions under Rule 30(d)(2) on its own accord to deter ongoing and future misconduct. 7 Moore's Federal Practice - Civil § 30.43 (2021) (citing <u>Sec. Nat'l Bank v. Jones Day, 800 F.3d 936, 942</u> (8th Cir. 2015) ("Both the purpose and the plain language of Rule 30(d)(2) allow courts to consider sanctions sua sponte")). "To impose sanctions [under Rule 30(d)(2)], a Court need not find that a party acted in bad faith." <u>Cordero v. City of New York</u>, <u>No. 15-CV-03436 (JBW) (CLP), 2017 U.S. Dist. LEXIS 80556, 2017 WL 2116699</u>, at <u>*5</u> (E.D.N.Y.

LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC
Case No.: 23-cv-2099-HG
Plaintiff's Request for a Pre-Motion Conference in Connection with his Request for a Motion for Sanctions Against Defendant GBA 526 LLC
January 29, 2024
Page 3

May 12, 2017) (citation omitted). "Rather, the only requirement for sanctions is that the fair examination of the deponent was frustrated, impeded, or delayed." Id. (citation omitted). "The decision to impose sanctions is at the discretion of the court." Id. (citation omitted).

Antolini v. McCloskey, 2021 US Dist LEXIS 224360, at *17 [SDNY Nov. 19, 2021, No. 1:19-cv-09038 (GBD) (SDA)]

Mr. Mizrahi must be thoroughly familiar with the *Antolini* decision, Id., as in that case the Court awarded him $787.50 for the cancelled deposition. It is ironic that Mr. Mizrahi himself engaged in the very conduct he complained of to the Court.

Plaintiff also respectfully requests the Court to allow him to recover attorney fees for the time spent for preparing his motion for sanctions, including the time spent on researching the law, drafting the present letter-motion, drafting the future motion for sanctions, and for all other work related to the motion.

The Court is permitted to award Defendants for the fees incurred in making these motions. See, e.g., Enmon v. Prospect Capital Corp., 675 F.3d 138, 148 (2d Cir. 2012) (upholding district court's decision to award entire fees connected with a party's sanctions motion, even though [*11] the motion was granted in part and denied in part); Penta v. Costco Wholesale Corp., No. 14 Civ. 3587 (DLI) (VMS), 2016 U.S. Dist. LEXIS 39584, 2016 WL 1171612, at *8 (E.D.N.Y. Mar. 25, 2016) (awarding fees for time preparing the motion for fees); John Wiley & Sons, Inc. v. Book Dog Books, LLC, 298 F.R.D. 145, 151 (S.D.N.Y. 2014) (awarding fees incurred in making a Rule 37 sanctions motion); Creative Res. Grp. of New Jersey, 212 F.R.D. at 104 ("the court finds that the plaintiff is entitled to fees and costs related to the motions to compel and the motions for sanctions"); Am. Int'l Tel., Inc. v. Mony Travel Servs., Inc., 203 F.R.D. 153, 155 (S.D.N.Y. 2001) (awarding attorneys' fees for time spent preparing motion for sanctions where party failed to attend a deposition).

Guan v. Long Is. Bus. Inst., Inc., 2017 US Dist LEXIS 217961, at *10-11 [EDNY Mar. 2, 2017]

Plaintiff respectfully requests to award him attorney's fees at the rate of $300 per hour, commensurate with Plaintiff's undersigned counsel's experience. That rate was already awarded to the undersigned by this Court in the past in the cases he worked on. See Grinblat v. H & 6 Assoc. Inc., 19-CV-2034 (LDH) (SMG), 2020 WL 7000347, at *3 (E.D.N.Y. July 10, 2020) (recommending an hourly rate of $300.00 to Mr. Grinblat as a solo practitioner with more than 16 years of experience), adopted, 2020 WL 6110826 (E.D.N.Y. Oct. 15, 2020) ("H & 6 Assoc. Inc. II". See also Leonid Treyger v. First Class Furniture and Rugs Inc., 21-cv-2902 (EK) (RLM) (adopted, E.D.N.Y. Feb. 23, 2022,

LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC
Case No.: 23-cv-2099-HG
Plaintiff's Request for a Pre-Motion Conference in Connection with his Request for a Motion for Sanctions Against Defendant GBA 526 LLC
January 29, 2024
Page 4

Doc. 22).

| | |
|---|---|
| Plaintiff's counsel spent the below number of hours on work related to Plaintiff's deposition. | |
| Consulting Plaintiff in connection with the deposition scheduled for November 28, 2023: | 4.0 |
| Consulting Plaintiff in connection with the deposition scheduled for December 7, 2023: | 1.5 |
| Travelling to/from Plaintiff's home in connection with Plaintiff's deposition: | 2.0 |
| Time in Plaintiff's home while waiting for Plaintiff's deposition to begin: | 3.8 |
| Research related to making a motion for sanctions for GBA's violation of F.R.C.P. Rule 30(d)(2): | 3.0 |
| Consultation with co-counsel, Mr. Daniel Berke, regarding the issues related to the deposition of Plaintiff: | 1.8 |
| Drafting the present letter-motion | 1.3 |
| Discussing the present letter-motion with Mr. Mizrahi | .1 |
| Total Number of Hours Related to the Above work: | 17.5 |
| Total time (17.5) multiplied by the requested hourly rate ($300): | $5,250 |

Plaintiff respectfully requests the Court to order GBA to pay $5,250 within 15 days of its Order. For the above reasons, Plaintiff respectfully requests the Court to schedule a pre-motion conference regarding Plaintiff's motion for sanctions related to the two depositions of Plaintiff cancelled by GBA.

**GBA 526 LLC's Statement:**

Plaintiff fails to satisfy the factual and legal basis for the imposition of sanctions. GBA 526 LLC (the "Landlord Defendant") respectfully refers the Court to its November 28, 2023, letter [Dckt. No. 58] for an accurate summary of Plaintiff's failure to timely, and meaningfully, respond to the Landlord Defendant's First Request for the Production of Documents and Interrogatories, initially propounded on July 21, 2023, necessitating an adjournment of Plaintiff's deposition.

The undersigned also respectfully wishes to advise the Court that Plaintiff's deposition has since been rescheduled to Thursday, December 7, 2023, at 11:30 a.m.

[GBA submitted the above statement for submission in December 2023. On January 24, 2024, Plaintiff sent the present letter requesting sanctions to GBA. It failed to submit a new statement.

<u>LEONID TREYGER v. GIO WINE & SPIRITS CORP., GBA 526 LLC</u>
Case No.: 23-cv-2099-HG
Plaintiff's Request for a Pre-Motion Conference in Connection with his Request for a Motion for Sanctions Against Defendant GBA 526 LLC
January 29, 2024
Page 5

GBA cancelled the deposition of Plaintiff it referred to above on December 6, 2023. It refused to depose Plaintiff.]

**Defendant Gio Wine & Spirits Corp.'s Statement:**

[Michael Grinblat's note: Defendant Gio Liquors did not submit its statement. Defendant Gio Liquors did not grant its approval to electronically sign this document on its behalf.]

We thank Your Honor for considering this matter.


Respectfully,


| **DUNNINGTON, BARTHOLOW & MILLER LLP** | **LAW OFFICES OF MICHAEL GRINBLAT** |
|---|---|
| By: _____<br>Robert N. Swetnick, Esq.<br>230 Park Avenue, 21st Floor<br>New York, NY 10169<br>Tel.: (212) 349-2800<br>Email: rswetnick@dunnington.com<br>*Attorneys for Defendant*<br>*GIO WINE & SPIRITS CORP.* | By: s/:Michael Grinblat<br>Michael Grinblat, Esq.<br>10 East 39th Street, 12th Floor<br>New York, NY 10016<br>Tel.: (347) 796-0712<br>Email: michael.grinblatesq@gmail.com<br>*Attorney for Plaintiff* |

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**

By: _____
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, NY 10165
Tel.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Defendant*
*GBA 526 LLC*

Date: January 29, 2024
CC: All counsel of record via ECF